678 S.E.2d 409

**In the Matter of Kernard Edward REDMOND, Respondent.**

**No. 26659.**

Supreme Court of South Carolina.

Heard April 9, 2009.

Decided June 1, 2009.

Disciplinary Counsel Lesley M. Coggiola and Deputy Disciplinary Counsel Barbara M. Seymour, both of Columbia, for Office of Disciplinary Counsel.

Kernard Edward Redmond, of Darlington, pro se.

PER CURIAM:

This is an attorney disciplinary matter involving nine complaints against Kernard Edward Redmond (Respondent). After a full investigation by the Office of Disciplinary Counsel (ODC), the Commission on Lawyer Conduct filed formal charges against Respondent. ODC and Respondent stipulated to specific facts and rule violations. At a hearing before the Commission on Lawyer Conduct Panel (Panel), Respondent acknowledged his misconduct, expressed remorse, and presented evidence of his current success in the practice of law. A three-member majority of the Panel recommended that Respondent be admonished for his misconduct. One member of the Panel recommended a public reprimand and payment of costs, while another member recommended a definite suspension and payment of costs.

We find Respondent's acknowledgement of his misconduct and remorse to be sincere and effective in the mitigation of his sanction. We further find that as the investigation progressed, Respondent was cooperative with ODC. Nonetheless, due to Respondent's prior disciplinary history [1] and the gravity

---

1. On July 26, 2000, Respondent received a Letter of Caution in a matter unrelated to the complaints before us here.

and cumulative nature of his misconduct, we decline to adopt the majority's recommendation of an admonition. Accordingly, we hereby publicly reprimand Respondent and order him to pay the costs of the disciplinary proceedings. The facts, as stipulated to by ODC and Respondent, are as follows.

## FACTS

### Matter A

Respondent represented Client A on criminal charges arising out of a 1999 incident. Client A was tried and convicted. Due to Respondent's inattention to detail and failure to communicate with Client A, the Office of Appellate Defense (OAD) declined to represent him.[2] Respondent filed an appellate brief on Client A's behalf, but ignored Client A's requests that he move to be relieved as counsel. Client A repeatedly asked Respondent to produce his file, but Respondent refused to do so until he reimburse Respondent $1,950.00 for the cost of his trial transcript.

On multiple occasions, OAD informed Respondent that it would represent Client A if Respondent filed a motion to be relieved as counsel. Respondent failed to inform Client A of OAD's offer and failed to file a motion to be relieved. Respondent's response to the notice of full investigation in Matter A was not timely.

### Matter B

In January 2002, Client B hired Respondent to pursue a civil claim on his behalf. Respondent became aware that Client B previously filed his claim in magistrate's court where it was dismissed with prejudice. Despite knowing of no reason that the claim would not be dismissed, Respondent refiled the claim in circuit court. The claim was dismissed on *res judicata* grounds.

Additionally, during the course of litigation, Respondent misplaced Client B's photographic evidence and, therefore, did not timely respond to defense counsel's discovery requests. Respondent was late in responding to ODC's initial inquiry

---

**2.** Respondent was given, but did not timely forward to his client, an affidavit of indigence required to be filled out by OAD applicants.

into Matter B as well as subsequent requests for additional information.

## Matter C

In 2001, Respondent represented Client C for criminal charges to which Client C pled guilty. After Respondent left private practice to work at the solicitor's office, Client C's mother asked Respondent for help in getting his sentence reduced. Respondent referred her to his old law firm but also undertook certain duties consistent with continued representation. Respondent admitted that although he intended to sever the attorney-client relationship, he never clearly did so and he knew Client C and his mother continued to rely on him. Respondent's responses to ODC in Matter C were not timely.

## Matter D

Respondent represented Client D in a personal injury matter. Respondent failed to notify Client D that he was leaving private practice and that another lawyer would represent her. Client D was ultimately represented by another attorney in Respondent's former law firm. At the time formal charges were filed against him, Respondent was unable to locate Client D's file. Respondent's responses to ODC in Matter D were untimely.

## Matter E

In or around August 2003, Client E hired Respondent to represent him in a property damage case. Respondent continued to represent Client E even after he began to work at the solicitor's office. Contrary to Client E's request, Respondent failed to file Client E's suit until March 2005. Respondent's response to ODC's inquiry in Matter E was not timely.

## Matter F

Respondent represented Client F in a medical malpractice matter and a disability benefits claim. After Respondent began working at the solicitor's office, Client F requested his file. Respondent merely told Client F to contact his old firm

and made no effort to help Client F retrieve his file. Two years after Client F filed his complaint with ODC, and at the suggestion of ODC, Respondent retrieved Client F's file and returned it to him. Respondent's responses to ODC's inquiries into Matter F were timely.

## Matter G

In November 1998, Respondent began to represent Client G in a civil matter. Respondent filed suit in magistrate's court and took the file with him when he began work at the solicitor's office. Respondent did not communicate adequately with Client G and, contrary to his specific directions, accepted a settlement offer of $500.00. Respondent delivered the entire amount to Client G without deducting a fee. Client G signed a release. Respondent's response to ODC in Matter G was timely.

## Matter H

Before and after Respondent left private practice to work at the solicitor's office, he represented Client H in a civil rights matter. The matter was tried and the jury rendered a verdict against Client H. Client H requested that Respondent turn over his file. Respondent ignored this request. Only after Client H filed a complaint with ODC did Respondent attempt to locate the file. The file was never found. Respondent's response to ODC's initial inquiry in Matter H was not timely.

## Matter I

While working at the solicitor's office, Respondent was assigned to the prosecution of a defendant whose brother he had represented in private practice. Because of this prior relationship, Respondent referred the case to a colleague. Nonetheless, the defendant complained to ODC that Respondent had engaged in a conflict of interest. The defendant's complaint in Matter I is without merit; however, Respondent's response to ODC's initial inquiry in this matter was not timely.

## LAW

ODC argues that due to the gravity of Respondent's misconduct and his disciplinary history, the Panel erred in recommending an admonition. ODC argues that Respondent's actions warrant a harsher sanction. We agree.

Respondent stipulated that, by his misconduct, he violated the following provisions of the Rules of Professional conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.16 (a lawyer shall not represent a client under certain circumstances and should those circumstances come to light after an attorney-client relationship has been established, a lawyer must withdraw from representation in an appropriate manner); Rule 3.1 (a lawyer shall not bring or defend a claim unless there is a non-frivolous basis in law and fact for doing so); and Rule 8.1 (a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

Furthermore, Respondent acknowledges that his misconduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct). Accordingly, we find that a public reprimand is an appropriate sanction under these circumstances.

## CONCLUSION

We decline to adopt the Panel majority's recommendation of an admonition due to Respondent's prior disciplinary history and the gravity and cumulative nature of his misconduct. Nonetheless, because Respondent recognizes his misconduct and expresses sincere remorse, we hereby publicly reprimand

Respondent and order him to pay the costs of this action within ninety days of the filing of this opinion.

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.